

**NUMBER 13-17-00575-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**BENJAMIN LABOY,**                                                      **APPELLANT,**

**V.**

**KEPPEL AMFELS, LLC AND**
**RAMON PIZANA JR.,**                                                     **APPELLEE.**

---

### On appeal from the County Court at Law No. 1
### of Cameron County, Texas.

---

# ORDER

### Before Justices Contreras, Longoria, and Hinojosa
### Order Per Curiam

This cause is before the Court because the reporter's record is incomplete.   On April 3, 2018, the reporter's record was filed by court reporters Randall Simpson and Sheila Perales.   On April 20, 2018, appellant's counsel notified this Court that the reporter's record was not complete because it did not contain a transcript of a hearing

held on June 28, 2016.   Counsel filed a second request with Simpson to prepare a partial reporter's record to include a transcript of the hearing held on June 28, 2016 regarding the defendants' motion to dismiss for lack of jurisdiction.

On June 11, 2018, Simpson contacted this Court and stated he has searched his files for the hearing held on June 28, 2016, but does not have anything for this case.   He states that it is possible his machine did not write the data from the hearing.   Simpson cannot provide a transcript of the June 28, 2016 hearing because the file does not exist.

This sequence of events requires us to effectuate our responsibility to avoid further delay and to preserve the parties' rights.   *See* Tex. R. App. P. 37.3(a)(1).   Accordingly, this appeal is ABATED and the cause REMANDED to the trial court.

In accordance with Texas Rule of Appellate Procedure 34.6(f)(4), the trial court is directed to conduct a hearing to determine if:   (1) the appellant has timely requested a reporter's record; (2) without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or - if the proceedings were electronically recorded - a significant portion of the recording has been lost or destroyed or is inaudible; (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost and destroyed exhibit, is necessary to the appeal's resolution; and (4) the lost, destroyed, or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.   *See* Tex. R. App. P. 34.6(f).

The trial court is directed to forward the record of the proceedings, including any

orders and findings, to this Court within thirty (30) days of the date of this order, or to notify this Court within such period indicating a date by which the trial court can comply.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of June, 2018.